IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **FELISHA STARKEY,** )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>**MISSOURI DEPARTMENT OF** )<br>**ELEMENTARY AND SECONDARY** )<br>**EDUCATION, DIVISION OF** )<br>**VOCATIONAL REHABILITATION,** )<br>**AND COMMISSIONER OF THE** )<br>**DEPARTMENT OF ELEMENTARY** )<br>**AND SECONDARY EDUCATION** )<br>)<br>Defendants. ) | Cause No. 4:16-cv-00093-DDN |

**PLAINTIFF'S MOTION AND MEMORANDUM IN RESPONSE TO DEFENDANTS'
MOTION FOR JUDGMENT AS A MATTER OF LAW**

In response to Defendants' Motion for Judgment as a Matter of Law, Plaintiff, Felisha Starkey, by and through her undersigned counsel, incorporates and restates her Memorandum in Support of Plaintiff's Motion for Judgment as a Matter of Law, Based on the Administrative Record, and states as follows:

### INTRODUCTION

Plaintiff specifically reiterates the following facts: Plaintiff has diagnoses of trigeminal neuralgia, peripheral neuropathy, and degenerative disc disease. As a result, Plaintiff has difficulty typing and holding a telephone to her ear, as these activities and others that require her to lift her arms at a ninety-degree or narrower angle pinch the nerves in her arms. Plaintiff also has difficulty lifting heavy items and stooping or bending for extended periods, due to her back pain. Plaintiff has a bachelor's degree in psychology and a Master's of Business Administration/Management Information Systems. She worked as an internal information technology auditor until she had to discontinue computer-based work due to her disability.

1

Plaintiff's only sources of income are Social Security disability benefits and food stamps, and she sought Vocational Rehabilitation (VR) services as a means to decrease her dependence on public aid.

There is no dispute as to Plaintiff's initial eligibility for VR services when she applied for services on August 29, 2011. Plaintiff identified speech-language pathology (SLP) as her employment goal and, after some research, determined that she would need an SLP master's degree and some prerequisite undergraduate coursework. She then researched cost-effective programs in and outside of Missouri and settled on online courses with Utah State University. However, VR did not develop Plaintiff's Individualized Plan for Employment (IPE), because VR did not agree that Plaintiff's employment goal should require additional training.

On October 1, 2014, VR closed Plaintiff's case, finding that Plaintiff is too disabled to benefit from VR services. Plaintiff requested a due process hearing to dispute case closure and VR's denial of the training services that would allow Plaintiff to reach her employment goal of becoming an SLP. The due process hearing took place on May 29, 2015; the hearing officer upheld VR's decision on June 17, 2015.

The Commissioner of the Department of Elementary and Secondary Education upheld the hearing decision on July 29, 2015, upon receipt of Plaintiff's request for administrative review. On January 25, 2016, Plaintiff filed this action, alleging that VR and the Commissioner violated her rights under the Rehabilitation Act and the Americans with Disabilities Act (ADA). The administrative record establishes that Plaintiff is entitled to judgment as a matter of law, as the hearing officer and the Commissioner's decisions are not supported by a preponderance of the evidence. Therefore, Defendants' Motion for Judgment as a Matter of Law should be denied.

## ARGUMENT[1]

**I.   VR's failure to develop Plaintiff's IPE violated the Rehabilitation Act.**

Defendants cite *LaFleur v. South Dakota Dept. of Human Services*, 2007 WL 1447734 (D. S.D. 2007) in an attempt to evidence that vocational rehabilitation agencies can exceed the Rehabilitation Act's 90-day timeline for the development of an individual's IPE. However, the facts of *LaFleur* are not analogous to the present case. In *LaFleur*, the plaintiff had been a client of the South Dakota Department of Human Services, Division of Rehabilitation Services (DRS), in the past. *Id.* at *1. The plaintiff reapplied for services after he failed the South Dakota bar exam several times; he wanted DRS to fund tutoring services for the exam. *Id.* at *2. DRS, however, could not verify the plaintiff's disability and eligibility for services, as the plaintiff had no evidence that he had ADHD or a learning disability. *Id.* at *3. Ultimately, the district court determined that DRS did not violate the Rehabilitation Act by failing to develop the plaintiff's IPE in 90 days, as DRS needed time to evaluate whether the plaintiff had a specific disability that would qualify him for tutoring services. *Id.* at *6.

In the present case, Defendants attempt to use *LaFleur* to establish that VR was permitted to await "further evaluation of the client's need [sic] diagnosis and need" before developing Plaintiff's IPE. Doc #22 at 6. However, VR presented no evidence that it was evaluating whether Plaintiff's particular disability qualified her for training services when it failed to develop her IPE within 90 days. VR already knew and did not dispute Plaintiff's diagnoses. VR also knew what accommodations Plaintiff required to attend school and work; Plaintiff and Dr. Guarino relayed that information. Ex. 5 at 6. VR presented no evidence that Plaintiff could not work as a

---

[1] Plaintiff incorporates and restates the arguments within her Memorandum in Support of Plaintiff's Motion for Judgment as a Matter of Law, Based on the Administrative Record.

speech-language pathologist (SLP) with her requested accommodations. Finally, VR presented no evidence that an individual does not need an SLP master's degree to work as an SLP.

**II.    VR's failure to provide training services violated Plaintiff's right to informed choice under the Rehabilitation Act.**

Defendants cite *Murphy v. Office of Vocational and Educational Services for Individuals with Disabilities, New York State Education Department, et. al.*, 92 N.Y.S.2d 477 (N.Y. App. Div. 1998) in an attempt to evidence that VR is not required to provide Plaintiff with training services. However, the facts in *Murphy* are not analogous to the present case. In *Murphy*, Office of Vocational and Educational Services for Individuals with Disabilities (VESID) developed an IPE with an employment goal of "legal services," with the hope that the appellant would earn a bachelor's degree and find work with a local law firm. 963 N.Y.S.2d 365, 366 (N.Y. Sup. Ct. 1997). After obtaining her VESID-funded bachelor's degree, the appellant decided that she wanted to be an attorney and asked VESID to fund her law degree. *Id.* VESID refused. *Id.* The lower court determined that the appellant's IPE was satisfied by her attainment of her bachelor's degree, as it would allow her to obtain employment in legal services. *Id.* The appellate court affirmed. 92 N.Y.S.2d 477 at 488.

The *Murphy* appellant's request for training services was denied because she had already reached the goal established in her IPE. In the present case, Plaintiff has no IPE because VR failed to develop one. Plaintiff attempted to exercise informed choice and identified a field tailored to her passion, her needs, and her intellect. In turn, VR refused to develop Plaintiff's IPE, in violation of her right to informed choice. VR unilaterally decided that Plaintiff should use the skills she already has, although Plaintiff's current skills are geared toward computer and

4

technology based work that she can no longer perform, due to her disability. Plaintiff must retrain to secure employment.

Defendants also cite *Brooks v. Office of Vocational Rehabilitation*, wherein a vocational rehabilitation agency refused to fund the appellant's chiropractic treatments because the appellant did not evidence that the treatments were "necessary, customary, or even reasonable" in treating her disability. 682 A.2d 850, 852 (Penn. App. Div. 1996). The appellate court affirmed the hearing officer's decision to uphold the denial of services. *Id.* at 855. *Brooks* bears no relation to the present case; Plaintiff is not requesting medical services. Plaintiff is requesting the training services required to effectuate her employment goal, and those training services are necessary for, customary to, and reasonable for the attainment of her SLP employment goal.

Despite severe financial hardship, Plaintiff has completed twenty-seven undergraduate SLP credits at Utah State University. She will only need three more classes to complete her undergraduate degree, and then Plaintiff will pursue an SLP master's degree. Defendants misstate Plaintiff's position, arguing that Plaintiff believes VR must "pay for all schooling any VR client wishes to attend." Doc. #22 at 7. Instead, Plaintiff simply wants individualized services that will allow her to reach her employment goal of becoming an SLP.

## III. The perceived severity of Plaintiff's disability is the sole, official reason for closure of Plaintiff's case.

Defendants argue that Plaintiff misstated the record of the hearing by stating, "[Claire Beck] testified that the sole, official reason for case closure was VR's determination that Plaintiff was too disabled to benefit from services. [Tr.] at 27." Doc #20 at 7. However, Ms. Beck testified that she had to "code" the reason for case closure. Tr. at 27. She also testified that she was only able to code one reason for case closure, and she chose the option relating to the

5

perceived severity of Plaintiff's disability. *Id.* The coded reason for case closure is the official reason for case closure – the same reason conveyed in the closure letter. While Ms. Beck may have taken issue with Plaintiff's cooperation and participation, VR did not inform Plaintiff or articulate a problem with Plaintiff's cooperation and participation in the case file. Therefore, Plaintiff correctly stated that the severity of Plaintiff's disability was the only official reason for case closure.

### IV. VR is an employment agency within the meaning of the ADA.

While the ADA provides that employment agencies are covered entities, the statue does not define "employment agency." However, "[c]ourts often look to case law developed under Title VII [of the Civil Rights Act of 1964] for direction in interpreting similar terms under the ADA, and the circuit courts of appeal that have addressed this issue have relied on Title VII precedent in finding that the ADA definition of "employer" excludes individuals. *See Albra v. Advan, Inc.,* 490 F.3d 826, 830 (11th Cir.2007); *Butler v. City of Prairie Village, Kan.,* 172 F.3d 736, 744 (10th Cir.1999); *U.S. EEOC v. AIC Security Investigations, Ltd.,* 55 F.3d 1276, 1280-82 (7th Cir.1995)." *Donnelly v. St. John's Mercy Med. Ctr.*, No. 4:08-CV-347 CAS, 2008 WL 2699859, at *2 (E.D. Mo. June 30, 2008).

Much like the Missouri Human Rights Act, Title VII defines "employment agency" as "any person regularly undertaking with or without compensation to procure employees for an employer or to procure for employees opportunities to work for an employer and includes an agent of such a person." 42 U.S.C. § 2000e(c). *See* RSMo § 213.010(8). Without compensation, VR regularly undertakes to procure opportunities to work for employers, for its clients. Therefore, VR is an employment agency and a covered entity under the ADA.

### V. Defendants' Memorandum exceeds the Court's page limit.

6

Plaintiff filed Plaintiff's Motion for Judgment as a Matter of Law, Based on the Administrative Record, and her Memorandum in Support of Plaintiff's Motion for Judgment as a Matter of Law, Based on the Administrative Record, on April 13, 2016. Plaintiff's Motion and Memorandum were within the Court's 15-page limit, pursuant to Local Rule 7-4.01(D).

On May 12, 2016, Defendants filed Defendants' Motion for Judgment as a Matter of Law, and the Memorandum in Support of Defendants' Motion for Judgment as a Matter of Law. Defendants did not obtain leave of the court, in accordance with Rule 7-4.01(D), yet Defendants' Memorandum is 19 pages. Therefore, Plaintiff moves to strike Defendants' Memorandum in Support of Defendants' Motion for Judgment as a Matter of Law in full. In the alternative, pages 16-19 of Defendants' Memorandum should be stricken.

## CONCLUSION

The administrative record establishes that VR discriminated against Plaintiff on the basis of her disability, in violation of Title I of the ADA and § 504 of the Rehabilitation Act, by foreclosing the use of its services and supplanting its own unfounded judgment regarding the reasonableness of Plaintiff's requested accommodations for that of an SLP employer. The administrative record establishes that VR failed to develop Plaintiff's IPE within ninety days of Plaintiff's case being opened. The administrative record establishes that VR violated Plaintiff's right to informed choice by refusing to develop an IPE with an SLP employment goal. The administrative record establishes that VR failed to meet its burden of proof; VR did not establish that it has clear and convincing evidence that Plaintiff is too disabled to benefit from services. The administrative record establishes that the hearing officer clearly erred in upholding VR's decision, as VR did not meet its burden of proof. The administrative record establishes that the

Commissioner failed to overturn the hearing officer's clearly erroneous decision and rendered an opinion that does not comport with federal or state law.

The administrative record establishes that Plaintiff is entitled to judgment as a matter of law, as the hearing officer's and the Commissioner's decisions are not supported by a preponderance of the evidence. Plaintiff is entitled to judgment as a matter of law, Defendants' Motion for Judgment as a Matter of Law should be denied, and Defendants' Memorandum in Support of Defendants' Motion for Judgment as a Matter of Law should be stricken from the record.

Respectfully submitted,

    /s/ Kiara N. Drake_____
Kiara N. Drake #67129MO
Staff Attorney I
Missouri Protection & Advocacy Services
2000 Innerbelt Business Center Drive
Overland, Missouri 63114
Phone: 314-785-1702, ext. 234
Fax: 314-785-1707
Email: kiara.drake@mo-pa.org
**Attorney for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Motion for Judgment as a Matter of Law Based on the Administrative Record was served on this 26th day of May, 2016, by operation of the Court's electronic filing system, to Brian P. Weisel, Assistant Attorney General, 207 W. High St., P.O. Box 899, Jefferson City, MO 65102, brian.weisel@ago.mo.gov, Attorney for Defendants.

    /s/ Kiara N. Drake _____
Kiara N. Drake, #67129MO